# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VAN HORN, METZ & CO., INC., | CIVIL ACTION NO.: |
| Plaintiff, | 3:21-cv-01128 |
| v. | |
| CHRISTINE CRISAFULLI, and<br>JOHN and JANE DOES 1-10, | **ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |
| Defendants. | |

**THIS MATTER** having been brought before the Court by plaintiff Van Horn, Metz & Co., Inc. ("Van Horn Metz"), through its counsel, by Order to Show Cause seeking a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(b) and Local Rule 65.1, based upon the facts set forth in the Verified Complaint and Memorandum of Law submitted herewith; and it appearing that Van Horn Metz has demonstrated a likelihood of success on the merits such that final judgment will be rendered in favor of Van Horn Metz, and it further appearing that irreparable injury will result unless the relief is granted and other good cause having been shown.

**IT IS** on this _____ day of _____ 2021,

**ORDERED** that the defendant Christine Crisafulli appear and show cause on the _____ day of _____, 2021, before the United States District Court for the District of New Jersey, Honorable. _____, at the Clarkson S. Fisher Building, U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608, at _____:_____ o'clock a.m./p.m. in the _____ room, or as soon thereafter as counsel can be heard, on the _____ day of _____, 2021, why an Order should not be issued:

1.      Imposing a constructive trust and preliminarily enjoining and restraining the Defendants from spending or otherwise transferring the $4,353,554 million in funds Antonino J. Crisafulli embezzled from Van Horn Metz and/or from selling or otherwise disposing of any assets they own or possess which were paid for, in whole or in part, by the funds unlawfully obtained from Van Horn Metz by Antonino J. Crisafulli;

2.      Placing a constructive trust on all assets, bank accounts, and real property, including the homes located at 35 Bullard Drive, Lavallette, NJ 08735 and 27010 Bay Bluff Road, Selbyville, Delaware 19975, owned or possessed by defendant Christine Crisafulli to the extent necessary to preserve money and collateral in an amount equal to at least that which her husband stole from Van Horn Metz, currently estimated to be at least $4,353,554; and

3.      Requiring defendant Christine Crisafulli to return all Van Horn Metz company property in her possession or control, including the laptop possessed by her late husband, Anthony J. Crisafulli, at the time of his death (HP Elitebook X360 1040G, Model number: 8EQ15UTABA); and

4.      Granting such other relief as the Court deems equitable and just.

**IT IS FURTHER ORDERED** that:

1.      A copy of this Order to Show Cause, the Verified Complaint, Certification of Thomas B. Fiddler, and Memorandum of Law submitted in support of this application, together with a summons, shall be served upon the Defendants personally within 14 days of the date hereof, in accordance with Fed. R. Civ. P. 4.

2.      Plaintiff Van Horn Metz must file with the Court its proof of service of the pleadings on the Defendants no later than three (3) days before the return date.

-3-

3. Defendant Christine Crisafulli shall serve and file any opposition to the Order to Show Cause within _____ days of the date of service of the aforesaid papers;

4. Plaintiff Van Horn Metz must file and serve any written reply to the defendant Christine Crisafulli's opposition to the Order to Show Cause by _____, 2021.

5. If the defendant Christine Crisafulli does not file and serve opposition papers to this Order to Show Cause, the application will be decided on the papers on the return date and relief may be granted by default, provided that the plaintiff Van Horn Metz files a proof of service and proposed form of Order at least three days prior to the return date.

**IT IS SO ORDERED.**

BY THE COURT:

_____
, U.S.D.J.