# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

VAN HORN, METZ & CO., INC.          : CIVIL ACTION
201 East Elm Street                 :
Conshohocken, PA 19428,             : No. _____
                                    :
                    Plaintiff,      :
                                    :
                                    : JURY TRIAL DEMANDED
        v.                          :
                                    :
CHRISTINE CRISAFULLI                :
35 Bullard Drive                    :
Lavallette, NJ 08735-2803           :
                                    :
and                                 :
                                    :
JOHN and JANE DOES 1-10,            :
                                    :
                    Defendants.     :

### VERIFIED COMPLAINT

Plaintiff Van Horn, Metz & Co., Inc. ("Van Horn Metz"), by and through its attorneys,

White and Williams LLP, by way of Complaint against defendants Christine Crisafulli and John

and Jane Does 1-10, avers as follows:

### Nature of the Action

1.      Van Horn Metz brings this action against defendant Christine Crisafulli, the

ostensible heir and executor/administrator of the estate of her recently deceased husband and

Van Horn Metz's Controller, Antonino J. Crisafulli a/k/a Anthony J. Crisafulli ("Anthony

Crisafulli") and defendants John and Jane Does 1-10, Anthony Crisafulli's other heirs and

transferees, for (1) the emergency and permanent imposition of a constructive trust and

preliminary and permanent injunctive relief against the Christine Crisafulli with respect to in

excess of $4.3 million in funds embezzled by Anthony Crisafulli from Van Horn Metz and the

assets purchased with those embezzled funds; (2) compensatory damages, interest, and costs

against Christine Crisafulli for unjust enrichment; (3) compensatory damages, punitive damages, interest, and costs against Christine Crisafulli for conversion; (4) compensatory damages, punitive damages, interest, costs, and attorneys' fees against Christine Crisafulli for fraudulent transfers; and (5) compensatory damages, punitive damages, interest, and costs against Christine Crisafulli for aiding and abetting Anthony Crisafulli's breach of his fiduciary duties owed to plaintiff Van Horn Metz.

## The Parties

2.      Plaintiff Van Horn Metz is a Pennsylvania corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 201 East Elm Street, Conshohocken, Pennsylvania 19428.  Van Horn Metz is a citizen of the Commonwealth of Pennsylvania.

3.      Christine Crisafulli is an adult individual and citizen of the State of New Jersey, residing at 35 Bullard Drive, Lavallette, New Jersey 08735-2803.  Christine Crisafulli is the widow of Anthony Crisafulli and, upon information and belief, the executor/administrator of his estate and his heir.

4.      John and Jane Does 1-10 are unknown heirs or transferees of Anthony Crisafulli and/or Christine Crisafulli who received money stole from Van Horn Metz or property assets purchased with that stolen money.

## Jurisdiction and Venue

5.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship between plaintiff Van Horn Metz and defendant Christine Crisafulli, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

26376481v.3

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because defendant Christine Crisafulli resides in this district.

### **Factual Background**

7.      This action arises out of a prolonged, clandestine scheme by Anthony Crisafulli to embezzle millions of dollars that were entrusted to him by his long-time employer, plaintiff Van Horn Metz.  Unbeknownst to Van Horn Metz until his illness and after his death, Anthony Crisafulli stole money from the company by increasing his salary and bonus payments above what he was authorized to receive, paying himself substantial commissions when he was entitled to none, utilizing his company credit card for personal purposes, and transferring millions of dollars to pay his personal credit Chase credit card, among other things.  Anthony Crisafulli hid his unlawful actions from the company to perpetuate his fraud scheme and enhance the lifestyle of himself and his family.  Christine Crisafulli is upon information in belief in possession of substantial funds belonging to Van Horn Metz and/or assets purchased with those funds and as a matter of equity and law cannot be permitted to retain those assets.  Christine Crisafulli knew or should have known of Anthony Crisafulli's unlawful conduct and aided and abetted his breach of fiduciary duties both before and after his death.

8.      Van Horn Metz is a specialty raw materials distributor headquartered in Conshohocken, Pennsylvania.  Van Horn Metz is a pioneer and leader in the industry, and specializes in partnering and providing services and solutions to clients engaged in the manufacture of lubricants, inks, adhesives and sealants, among other things.

9.      Van Horn Metz was incorporated in 1950 in the Commonwealth of Pennsylvania, and it has since become one of the leading specialty raw distributors in North America with several warehouses strategically located across the central and eastern United States. Van Horn

Metz's success and business model is driven, in part, by its technical expertise and its alliances with a global network of quality suppliers and industry partners.

10.     On or about May 20, 1995, Van Horn Metz hired Anthony Crisafulli as its bookkeeper to work out of its headquarters in Pennsylvania.  Crisafulli Sr.'s starting salary in his capacity as bookkeeper was $34,000 per year.

11.     In or around 2005, Van Horn Metz promoted Anthony Crisafulli to Controller.  At the time of his death in October 2020, Anthony Crisafulli's annual salary was $139,423.30.

12.     Over time, Van Horn Metz reposed increasing trust and confidence in Anthony Crisafulli and expanded his duties and responsibilities to include, among other things, signature authority over the company's bank accounts, authorization to conduct automated clearing house (or ACH) transfers, responsibility for the company's payroll, responsibility for paying vendors and other company expenses, responsibility for the company's 401(k) retirement plan, oversight of the company's accounting department, communication with company's outside accountants, and responsibility for and access to all of the company's financial records and accounting software.

13.     Further, Van Horn Metz placed its trust and confidence in Anthony Crisafulli to classify and record company receipts and expenditures on the general ledger in a manner consistent with standard accounting principles to enable others at Van Horn Metz to be able to obtain an accurate picture of the company's finances.

14.     By virtue of the trust and confidence reposed in him by Van Horn Metz and by virtue of his various accounting positions within the company, including the position of Controller, Anthony Crisafulli owed fiduciary obligations to Van Horn Metz and was legally obligated to act in the best interest of the company and not for the interest of himself and others.

-4-

15.     Rather than use his access to Van Horn Metz funds and Van Horn Metz's financial books and records for the benefit of the company as was his fiduciary obligation, Anthony Crisafulli abused the company's trust and confidence and embezzled company funds to finance a lifestyle for himself, Christine Crisafulli, and his family well beyond what he could otherwise afford.

16.     Over the course of approximately eight years, Anthony Crisafulli misappropriated in excess of $4.3 million of Van Horn Metz's funds by paying himself unauthorized salary increases, unauthorized bonuses, and unauthorized commissions.  Additionally, Anthony Crisafulli improperly used his company credit card for personal expenses, and transferred funds by ACH transactions directly to his personal Chase credit card to pay for personal purchases expenses that were not authorized by Van Horn Metz.

**Unauthorized Payment of Increased Salary and Bonuses**

17.     From 2015 to 2020, Anthony Crisafulli misappropriated from Van Horn Metz a total of $688,436 in the form of unauthorized salary and bonuses.

18.     Without knowledge, approval or authorization of Van Horn Metz, Anthony Crisafulli incrementally increased his salary over and above that which he was legitimately entitled and unilaterally awarded himself bonuses without the knowledge, authorization, or approval of Van Horn Metz.

19.     Anthony Crisafulli misappropriated a total of $688,435.51 in excess compensation from 2015 to 2020 as follows:

| Year | Misappropriated Salary / Bonuses |
|------|----------------------------------|
| 2015 | $ 117,838.26 |
| 2016 | $ 115,038.52 |
| 2017 | $ 118,635.88 |
| 2018 | $ 96,788.25 |
| 2019 | $ 101,207.70 |

-5-

| 2020 YTD | $ 138,926.90 |
|---|---|
|  |  |
| Total | $ 688,435.51 |

**Unauthorized Payment of Commissions**

20.      At no point during his employment at Van Horn Metz was Anthony Crisafulli entitled receive commissions as part of his compensation.

21.      Nevertheless, from 2012 to 2020, Anthony Crisafulli used company funds to unlawfully pay himself $818,298 in commissions without the knowledge, approval, or authorization of Van Horn Metz as follows:

| Year | Unauthorized Commission |
|---|---|
| 2012 | $116,000 |
| 2013 | $110,500 |
| 2014 | $105,000 |
| 2015 | $109,046 |
| 2016 | $82,000 |
| 2017 | $80,348 |
| 2018 | $83,000 |
| 2019 | $72,173 |
| 2020 | $60,231 |
|  |  |
| Total | $818,298 |

**Unauthorized Use of Company Credit Card for Personal Expenses**

22.      Additionally, Anthony Crisafulli used his company credit card to pay personal expenses in violation of Van Horn Metz's company policy and in breach of his fiduciary duties.

23.      Van Horn Metz has not yet fully quantified the amount of unauthorized personal expenses charged to Anthony Crisafulli's company credit card, but those amounts are believed to be in excess of $10,000.

26376481v.3

**Unauthorized ACH Transfers to Personal Chase Credit Card**

24.     From 2013 to 2020, Anthony Crisafulli misappropriated a total of $3,333,618 of Van Horn Metz's money by making unauthorized ACH transfers from Van Horn Metz's PNC Bank Account to his personal Chase credit card.

25.     The payments that Anthony Crisafulli made to his personal Chase credit card were without Van Horn Metz's knowledge, approval and authorization and were for the benefit of Anthony Crisafulli personally and not the company.

26.     Upon information and belief, Anthony Crisafulli transferred funds to his personal credit card to pay for personal and family assets and expenses, including the purchase of expensive coins, sports memorabilia, family homes, and vacations.  Anthony Crisafulli made the following unauthorized ACH transfers to his personal Chase credit card:

| Year | Improper ACH Transfers |
|------|------------------------|
| 2013 | $ 247,418 |
| 2014 | $ 386,625 |
| 2015 | $ 318,590 |
| 2016 | $ 439,500 |
| 2017 | $ 680,044 |
| 2018 | $ 470,041 |
| 2019 | $ 480,500 |
| 2020 | $ 310,900 |
|      |           |
| Total | $ 3,333,618 |

**Assets Purchased with Stolen Money**

27.     Anthony Crisafulli used the substantial funds that he embezzled from Van Horn Metz to enrich himself and his family and to live a lavish lifestyle that they could not otherwise afford.

28.     Upon information and belief, Christine Crisafulli knew or should have known that her husband, Anthony Crisafulli, had an annual salary of approximately $139,000 and that his

-7-

position as Controller at Van Horn Metz could never have provided their family with enough legitimate income to own the assets and lead the lifestyle being led by their family.

29.      Upon information and belief, Christine Crisafulli has not worked outside of the home for approximately 15 years.

30.      Christine Crisafulli aided and abetted Anthony Crisafulli's breach of fiduciary duties by participating in his efforts to spend and dissipate money stolen from the company and to transform stolen money into assets that would be harder for Van Horn Metz to locate and recover.

31.      On or about April 28, 2016, Anthony Crisafulli and Christine Crisafulli purchased a vacant lot in Lavallette, New Jersey for $995,000 where they custom-built their family home.

32.      Upon information and belief, Anthony Crisafulli and Christine Crisafulli put $450,000 in cash down on the property and then spent an additional hundreds of thousands of dollars building their 3,600 square foot beach-front home located at 35 Bullard Drive in Lavallette, New Jersey.

33.      On or about November 24, 2020, after Anthony Crisafulli's death, Christine Crisafulli paid $1,076,372 in stolen funds for the purchase of a second custom home located at 27010 Bay Bluff Road, Selbyville, Delaware.

34.      Anthony Crisafulli misappropriated Van Horn Metz's funds to pay for his coin collection valued at more than $2,500,000.  Anthony Crisafulli frequented coin shows and regularly purchased expensive coins worth anywhere from $10,000 to $65,000 using Van Horn Metz's money from at least 2015 to 2020.

-8-

35.     Upon information and belief, Anthony Crisafulli and defendant Christine Crisafulli used the embezzled funds to purchase lavish vacations, often for the whole family, multiple times per year, including trips to:

(a)     The Beach Club Charleston in South Carolina (August 2020);

(b)     The Ritz-Carlton in Fort Lauderdale, Florida (November 2019);

(c)     Playa del Carmen, Mexico (November 2019);

(d)     a Miami Dolphins' game in Florida (December 2018);

(e)     Venice, Italy for a Mediterranean cruise, while staying in a 3 bedroom garden villa on the Norwegian Star (June 2018);

(f)     London, England (October 2017);

(g)     Havana, Cuba (August 2017);

(h)     The Cayman Islands (May 2017);

(i)     Playa del Carmen, Mexico (January 2017);

(j)     St. Barths/ St. Maarten (November 2016);

(k)     British Virgin Islands (May 2016); and

(l)     Cabo San Lucas, Mexico (January 2016).

### Anthony Crisafulli's Fraudulent Concealment

36.     As a trusted employee in Van Horn Metz's accounting department and as the company's Controller, Anthony Crisafulli was responsible for deciding how company expenditures were recorded in the ordinary course of business.  This control over the company's financial books and records allowed him to conceal the theft of Van Horn Metz funds by recording transactions in a manner to prevent them from being detected.

-9-

37.     To minimize the chance that someone else in the office would observe Anthony Crisafulli's embezzlement and the steps taken to conceal his embezzlement, Anthony Crisafulli arrived to the office between 10:00 a.m. and 12:00 p.m. and worked until 8:00 p.m., rather than work typical office hours.  Additionally, Anthony Crisafulli refused to move his office upstairs to the Van Horn Metz executive floor to further minimize the opportunity for other employees to observe his embezzlement and the steps taken to conceal his embezzlement.

38.     Other than Anthony Crisafulli, Van Horn Metz's accounting department employees had limited access to the company accounting system which is stored and maintained on the cloud.  Upon information and belief, Anthony Crisafulli intentionally restricted other employees' access to only those portions of the system they needed in order to perform their specific job responsibilities so that his fraud could go on undetected.

39.     Upon information and belief, Anthony Crisafulli recorded transactions relating to the embezzled funds in the general ledger under the inventory adjustment accounts/cost of goods sold columns such that his theft would not be apparent from the company financial statements.

40.     To conceal his fraud, Anthony Crisafulli provided Van Horn Metz's officers with false and misleading profit and loss statements and annual reports that did not reflect Van Horn Metz's true financial performance or the amounts that he paid to himself without the knowledge, approval, or authorization of the company.

41.     Anthony Crisafulli's theft of Van Horn Metz's funds and the concealment of his unlawful actions constitute breaches of his fiduciary duties owed to the company.

42.     As a result the actions of Anthony Crisafulli and the substantial assistance and encouragement provided to him in breach of his fiduciary duties by his wife, Christine, Van Horn Metz has been damaged in an amount in excess of $4.3 million.

26376481v.3

43.     Christine Crisafulli and/or the heirs of Anthony Crisafulli have been unjustly enriched at the expense of Van Horn Metz in an amount in excess of $4.3 million.

### Anthony Crisafulli is Hospitalized and Dies

44.     On or about October 15, 2020, Anthony Crisafulli left his office at Van Horn Metz for the last time, taking with him his company-issued laptop computer, cell phone, bank key fob for international wires, checks for suppliers, stock loan documents, and various other company documents.

45.     Shortly thereafter, Anthony Crisafulli fell ill and was hospitalized on or about October 17, 2020.

46.     Upon information and belief, at the time Anthony Crisafulli was admitted into the hospital, all Van Horn Metz company property in his possession, including his laptop and cell phone, were located in his family home.

47.     On October 14, 2020 at 4:30 p.m., Anthony Crisafulli or someone using his credentials without Van Horn Metz's authorization, successfully logged on to his company laptop for the last time.

48.     While in the hospital, Anthony Crisafulli, with the assistance and participation of his wife, Christine, called a Van Horn Metz employee to implore said employee to take the company payroll records home or otherwise conceal them from Van Horn Metz's president.

49.     On or about October 20, 2020, Anthony Crisafulli called Key Financial, the company responsible for coordinating Van Horn Metz's 401(k) investments.  Upon information and belief, Anthony spoke to a Key Financial employee and asked her to take care of everything related to Van Horn Metz's 401(k) plan, including deductions from payroll, while he was in the hospital.

-11-

50.     In a further effort to conceal his fraud, Anthony Crisafulli informed the Key Financial representative that she should not "let Barry [Fisher, Van Horn Metz's president], mess anything up."

51.     Upon information and belief, Anthony Crisafulli, with the assistance and encouragement of his wife, Christine Crisafulli, sought to hide the payroll records from Van Horn Metz's president so that his excessive and illegitimate pay in the form of unauthorized commissions, salary, and bonuses would not be discovered.

52.     Anthony Crisafulli died on October 30, 2020.

**Van Horn Metz's Discovery of the Fraudulent Scheme**

53.     After Anthony Crisafulli was admitted to the hospital, Van Horn Metz began to uncover evidence of his theft of company assets.

54.     On or about October 19, 2020, Van Horn Metz's president learned that Anthony Crisafulli was too sick to process payroll.  As a result, the president and another accounting employee began to process payroll.

55.     Shortly thereafter, Van Horn Metz discovered that Anthony Crisafulli had been paying himself commissions to which he was not entitled.

**Christine Crisafulli's Actions Following Anthony Crisafulli's Death**

56.     After Anthony Crisafulli's death, Christine Crisafulli took additional steps to further conceal her husband's breach of fiduciary duties and embezzlement.

57.     On or about November 3, 2020, a Van Horn Metz representative contacted defendant Christine Crisafulli to request the prompt return of company property (including his laptop computer, a bank key fob for international wires, checks for suppliers, stock loan

-12-

documents, and other company documents) that had been entrusted to Anthony Crisafulli prior to his death.

58.     Christine Crisafulli initially indicated that she would arrange for the return of the company property.  Later, she informed Van Horn Metz's president that she had last seen the laptop in the hospital and that she had been unable to locate it since.  Christine Crisafulli refused, however, to return the company cell phone which was admittedly in her possession.

59.     On November 22, 2020, Van Horn Metz's president contacted Christine Crisafulli to renew his request for the return of Anthony Crisafulli's cell phone.  Van Horn Metz's president further informed Christine Crisafulli that to the extent any personal information existed on the cell phone, that it would be preserved and returned by Van Horn Metz's IT consultant.

60.     The next day, on or around November 23, 2020, Van Horn Metz's outside IT consultant spoke with Christine Crisafulli at which time he explained that any personal information on the phone would segregated, preserved, and returned to her.

61.     Notwithstanding Van Horn Metz's efforts to recover the company property and preserve all such company information, upon information and belief defendant Christine Crisafulli or someone at her direction intentionally wiped the phone clean of any and all information and restored the device to factory settings.

62.     Moreover, upon information and belief, Christine Crisafulli has or had the company laptop in her possession at all relevant times while Anthony Crisafulli was in the hospital and immediately following his death, notwithstanding her claim that she has been unable to locate it.

63.     Upon information and belief, Christine Crisafulli either still has possession of Anthony Crisafulli's laptop or she or someone at her direction, has destroyed or disposed of the

-13-

company laptop in order to fraudulently conceal evidence of Anthony Crisafulli's theft and breaches of his fiduciary duties to Van Horn Metz.

64.    Upon information and belief, Christine Crisafulli has dissipated assets which were purchased with Van Horn Metz's stolen funds and has dissipated and fraudulently conveyed jewelry and other assets which were purchased with Van Horn Metz's stolen funds in the weeks since her husband's death.

65.    Additionally, on November 24, 2020, upon information and belief, Christine Crisafulli paid $1,076,372 in cash for a second home located in Delaware using funds that Anthony Crisafulli stole from Van Horn Metz in breach of his fiduciary duties to the company.

## COUNT I –CONSTRUCTIVE TRUST AND INJUNCTIVE RELIEF
### (Against All Defendants)

66.    Van Horn Metz incorporates by reference each of the foregoing paragraphs as through fully set forth at length herein.

67.    From May 1995 until his death on October 30, 2020, Anthony Crisafulli worked in Van Horn Metz's accounting department and most recently served as its Controller.

68.    Van Horn Metz reposed its trust, confidence, and pecuniary interests in Anthony Crisafulli by, among other things, giving him duties and responsibilities over the company's finances, including, among other things, signature authority over the company's bank accounts, authorization to conduct automated clearing house (or ACH) transfers, responsibility for the company's payroll, responsibility for paying vendors and other company expenses, responsibility for the company's 401(k) retirement plan, oversight of the company's accounting department, communication with company's outside accountants, and responsibility for and access to all of the company's financial records and accounting software.

69.     During his employment at Van Horn Metz, Anthony Crisafulli falsely represented himself to be a loyal employee who was acting in the best interest of the company in order to gain Van Horn Metz's trust and confidence and obtain increasing responsibility for the company's finances and control over its bank accounts.

70.     Van Horn Metz reasonably relied on Anthony Crisafulli's misrepresentations and gave him access to the company's financial books and records and its bank accounts.

71.     Unbeknownst to Van Horn Metz, Anthony Crisafulli abused the company's trust and confidence and used company funds that were entrusted to him for the benefit of himself and his family and not for the benefit of the company.  Over approximately eight years, Anthony Crisafulli paid himself a salary and bonuses in excess of the amounts approved by the company, paid himself commissions that he was not authorized to receive, used his company credit card for personal expenses, and used company funds to pay his personal Chase credit card debt.  To date, Van Horn Metz has discovered in excess of $4.3 million in funds that Anthony Crisafulli has stolen from the company.

72.     Further, Anthony Crisafulli abused the company's trust and confidence by using his access to the company's financial books and records to hide his financial malfeasance to conceal his fraudulent conduct and breaches of his fiduciary duties rather than to record the true nature of his financial misconduct.

73.     Upon information and belief, Anthony Crisafulli utilized the money that he stole from Van Horn Metz for a variety of purposes, including gambling and taking numerous, expensive family vacations.  But in addition to spending the stolen funds, Anthony Crisafulli upon information and belief purchased real estate, including homes valued at approximately $1 million each in Lavallette, New Jersey and Fenwick Island, Delaware; a coin collection

purportedly valued at $2.5 million; sports memorabilia of substantial value; jewelry, airplane tickets, hotel rooms, and sporting tickets, among other things.

74.     On his death, the assets that Anthony Crisafulli purchased with the money that he stole from Van Horn Metz passed to his wife Christine Crisafulli and/or other heirs.

75.     If Christine Crisafulli and/or other heirs of Anthony Crisafulli or other transferees (i.e., defendants John and Jane Does 1-10) are permitted to retain property that Anthony Crisafulli purchased with money stolen from Van Horn Metz in breach of his fiduciary duties and as a result of his fraudulent conduct, they would be unjustly enriched at the expense of Van Horn Metz.

76.     Under applicable law, this Court has the legal authority and equitable powers to impose a constructive trust on all assets purchased by Anthony Crisafulli and/or other parties, including the defendants with funds stolen from Van Horn Metz; to enjoin their further transfer, liquidation, or disposition to third parties; and to require the liquidation of those assets for the purpose of returning stolen funds to Van Horn Metz.

WHEREFORE, plaintiff Van Horn Metz requests this Court to enter a judgment in its favor and against defendants Christine Crisafulli and John and Jane Does 1-10 as follows:

(a)     imposing a preliminary and permanent constructive trust on (1) the real estate located at 35 Bullard Drive, Lavallette, New Jersey 08735-2803; (2) the real estate located at 27010 Bay Bluff Road, Selbyville, Delaware ; (3) Anthony Crisafulli's coin collection valued at approximately $2.5 million; (4) Anthony Crisafulli's sports memorabilia collection; (5) all jewelry purchased by Anthony Crisafulli; and (6) any and all other property, bank accounts, investment accounts, and assets purchased with or containing funds stolen from Van Horn Metz in the amount of $4,353,554;

-16-

(b)      entering a preliminary and permanent injunction prohibiting defendant Christine Crisafulli and John and Jane Does 1-10 and any person acting in concert with any defendant or at the direction of any defendant from transferring money, real estate, personal property, or assets unlawful taken by Anthony Crisafulli from Van Horn Metz and transferred to defendant prior to or after Anthony Crisafulli's death;

(c)      entering judgment in favor of Van Horn Metz and against Christine Crisafulli and defendants John and Jane Does 1-10 in the amount of $4,353,554; plus pre- and post-judgment interest, and costs of suit;  and

(d)      granting such further relief as this Court deems to be just and necessary.

## COUNT II – UNJUST ENRICHMENT
### (Against All Defendants)

77.      Van Horn Metz incorporates by reference each of the foregoing paragraphs as through fully set forth at length herein.

78.      By virtue of having received real estate, personal property, assets, money, and/or benefits, including but not limited to vacations, purchased with funds stolen from Van Horn Metz by Anthony Crisafulli in breach of his fiduciary duties to the company and as a result of his fraudulent conduct, defendant Christine Crisafulli and John and Jane Does 1-10 have unjustly received benefits at the expense of plaintiff Van Horn Metz.

79.      Defendants Christine Crisafulli and John and Jane Does 1-10 have been unjustly enriched by virtue of the assets and benefits that they received at the expense of Van Horn Metz, and it would be unjust for defendants to be permitted to retain these benefits.

80.      Defendants are liable to Van Horn Metz for restitution of all amounts by which she was unjustly enriched at the expense of Van Horn Metz, in an amount to be proven at trial but believed to be in excess of $4.3 million.

26376481v.3

WHEREFORE, plaintiff Van Horn Metz requests this Court to enter a judgment in its favor and against defendant Christine Crisafulli and John and Jane Does 1-10 in the amount of $4,353,554, plus pre- and post-judgment interest, and costs of suit.  Plaintiff Van Horn Metz also requests this Court to grant such further relief as it deems to be just and necessary.

## COUNT III – CONVERSION
### (Against All Defendants)

81.      Van Horn Metz incorporates by reference each of the foregoing paragraphs as through fully set forth at length herein.

82.      Under applicable law, Van Horn Metz maintains title to the money stolen by Anthony Crisafulli and any assets purchased with the stolen money.

83.      Upon information and belief, Anthony Crisafulli used Van Horn Metz funds to purchase real estate, including homes valued at approximately $1 million each in Lavallette, New Jersey and Fenwick Island, Delaware; a coin collection purported valued at $2.5 million; sports memorabilia of substantial value; and jewelry, among other things.

84.      Upon Anthony Crisafulli's death, the money stolen from Van Horn Metz and/or the assets purchased with the money stolen from Van Horn Metz were transferred to Christine Crisafulli and or potentially other heirs, referred to herein as defendants John and Jane Does 1-10.  Notwithstanding the transfer of money and/or assets to Anthony Crisafulli's heirs, title to that money and/or those assets remains in Van Horn Metz.

85.      By maintaining possession of Van Horn Metz's money and/or assets, Christine Crisafulli and/or Anthony Crisafulli's other heirs (i.e., John and Jane Does 1-10) have exercised unlawful dominion and control over Van Horn Metz's property and thereby unlawfully converted it to their own use, benefit and enjoyment.

26376481v.3

86.     The value of the property unlawfully converted by Christine Crisafulli and/or other heirs of Anthony Crisafulli (i.e., John and Jane Does 1-10) are believed to be in excess of $4.3 million.

87.     In addition to assets bought with funds stolen from Van Horn Metz, Christine Crisafulli has unlawfully converted Van Horn Metz's laptop computer assigned to Anthony Crisafulli, including company information stored on that laptop.  After Anthony Crisafulli's death, Van Horn Metz contacted Christine Crisafulli to obtain the return of Anthony Crisafulli's laptop, but Christine Crisafulli has refused to return it.

88.     By refusing to return the Van Horn Metz laptop computer assigned to Anthony Crisafulli, Christine Crisafulli has exercised unlawful dominion and control over and willfully converted Van Horn Metz's property and caused damages to Van Horn Metz in an amount in an amount to be proven at trial.

WHEREFORE, plaintiff Van Horn Metz requests this Court to enter a judgment in its favor and against defendants Christine Crisafulli and John and Jane Does 1-10 in the amount of $4,353,554, plus pre- and post-judgment interest, and costs of suit as permitted by applicable law.  Plaintiff Van Horn Metz also requests this Court to grant such further relief as it deems to be just and necessary.

## COUNT IV – FRAUDULENT TRANSFER
### (Against All Defendants)

89.     Van Horn Metz incorporates by reference each of the foregoing paragraphs as through fully set forth at length herein.

90.     Van Horn Metz is a creditor of Anthony Crisafulli by virtue of the debt that he has incurred to the company as a result of his theft of company funds.  Over approximately eight years, Anthony Crisafulli paid himself a salary and bonuses in excess of the amounts approved

-19-

by the company, paid himself commissions that he was not authorized to receive, used his company credit card for personal expenses, and used company funds to pay his personal Chase credit card debt.

91.     Anthony Crisafulli, Anthony Crisafulli's estate, and/ or Christine Crisafulli have transferred money stolen from Van Horn Metz and/or assets purchased with money stolen from Van Horn Metz to Anthony Crisafulli's heirs with the actual or constructive intent to defraud Van Horn Metz and to obstruct Van Horn Metz's ability to collect its indebtedness from Anthony Crisafulli and Anthony Crisafulli's estate.

92.     Christine Crisafulli and Anthony Crisafulli's other heirs are all "insiders" under the Uniform Fraudulent Transfer Act.

93.     Upon information and belief, Anthony Crisafulli and/or the estate of Anthony Crisafulli transferred to Christine Crisafulli and/or John and Jane Does 1-10 real estate, including homes valued at approximately $1 million each in Lavallette, New Jersey and Fenwick Island, Delaware; a coin collection purported valued at $2.5 million; sports memorabilia of substantial value; jewelry, airplane tickets, hotel rooms, and sporting tickets, among other things.

94.     The transfers to Christine Crisafulli and Anthony Crisafulli's other heirs (i.e., defendants John and Jane Does) were made a time that Anthony Crisafulli was insolvent and/or the transfers to Anthony Crisafulli's heirs rendered Anthony Crisafulli and the estate of Anthony Crisafulli insolvent.

95.     The transfers to Christine Crisafulli and Anthony Crisafulli's heirs were made secretively with the intent to dissipate assets purchased by Anthony Crisafulli with money stole from Van Horn Metz to hinder, delay, obstruct or prevent Van Horn Metz from being able to

26376481v.3

recover the stolen funds and to allow Anthony Crisafulli and Anthony Crisafulli's heirs to retain the benefit of the money stolen from Van Horn Metz.

96.      Neither Anthony Crisafulli nor Anthony Crisafulli's estate received reasonably equivalent value in exchange for the transferred assets.

97.      As a result of the transfers of the assets, Anthony Crisafulli's estate has been left without the ability to repay its debt to Van Horn Metz in the amount of $4,353,554.

98.      Christine Crisafulli and Anthony Crisafulli's other heirs knew or should have known that Anthony Crisafulli and/or Anthony Crisafulli's estate did not have title to the property transferred to them.

99.      Having received money, assets, or benefits from Anthony Crisafulli and/or Anthony Crisafulli's estate, Christine Crisafulli and Anthony Crisafulli's other heirs are liable to Van Horn Metz as initial and/or subsequent transferees.

WHEREFORE, plaintiff Van Horn Metz requests this Court to enter a judgment in its favor and against defendants Christine Crisafulli and John and Jane Does 1-10 in the amount of $4,353,554, plus pre- and post-judgment interest, costs of suit, and attorneys' fees as permitted by applicable law.  Plaintiff Van Horn Metz further requests this Court to void the transfers of the assets transferred by Anthony Crisafulli and/or Anthony Crisafulli's estate.  Plaintiff Van Horn Metz also requests this Court to grant such further relief as it deems to be just and necessary.

## COUNT V– AIDING AND ABETTING BREACH OF FIDUCIARY DUTY
### (Against Defendant Christine Crisafulli)

100.      Van Horn Metz incorporates by reference each of the foregoing paragraphs as through fully set forth at length herein.

26376481v.3

101.    From May 1995 until his death on October 30, 2020, Anthony Crisafulli worked in Van Horn Metz's accounting department and most recently served as its Controller.

102.    Van Horn Metz reposed its trust, confidence, and pecuniary interests in Anthony Crisafulli by, among other things, giving him duties and responsibilities over the company's finances, including, among other things, signature authority over the company's bank accounts, authorization to conduct automated clearing house (or ACH) transfers, responsibility for the company's payroll, responsibility for paying vendors and other company expenses, responsibility for the company's 401(k) retirement plan, oversight of the company's accounting department, communication with company's outside accountants, and responsibility for and access to all of the company's financial records and accounting software.

103.    During his employment at Van Horn Metz, Anthony Crisafulli falsely represented himself to be a loyal employee who was acting in the best interest of the company in order to gain Van Horn Metz's trust and confidence and obtain increasing responsibility for the company's finances and control over its bank accounts.

104.    Van Horn Metz reasonably relied on Anthony Crisafulli's misrepresentations and gave him access to the company's financial books and records and its bank accounts.

105.    Unbeknownst to Van Horn Metz, Anthony Crisafulli abused the company's trust and confidence and used company funds that were entrusted to him for the benefit of himself and his family and not for the benefit of the company.  Over approximately eight years, Anthony Crisafulli paid himself a salary and bonuses in excess of the amounts approved by the company, paid himself commissions that he was not authorized to receive, used his company credit card for personal expenses, and used company funds to pay his personal Chase credit card debt.  To date,

Van Horn Metz has discovered in excess of $4.3 million in funds that Anthony Crisafulli has stolen from the company.

106.    Further, Anthony Crisafulli abused the company's trust and confidence by using his access to the company's financial books and records to hide his financial malfeasance to conceal his fraudulent conduct and breaches of his fiduciary duties rather than to record the true nature of his financial misconduct.

107.    Upon information and belief, Anthony Crisafulli utilized the money that he stole from Van Horn Metz for a variety of purposes, including gambling and taking numerous, expensive family vacations.  But in addition to spending the stolen funds, Anthony Crisafulli upon information and belief purchased real estate, including homes valued at approximately $1 million each in Lavallette, New Jersey and Fenwick Island, Delaware; a coin collection purported valued at $2.5 million; sports memorabilia of substantial value; jewelry, airplane tickets, hotel rooms, and sporting tickets, among other things.

108.    At all relevant times, defendant Christine Crisafulli knew or should have known Anthony Crisafulli's unlawful actions and provided substantial assistance and encouragement to Anthony Crisafulli by participating in his efforts to dissipate money stolen from the company by purchasing real estate, coins, sports memorabilia, jewelry, plane tickets, hotel rooms, and sports tickets, among other things with the hope of making it difficult if not impossible for Van Horn Metz to recover the stolen funds from Anthony Crisafulli or Anthony Crisafulli's estate.

109.    After Anthony Crisafulli's death, Christine Crisafulli further aided and abetted Anthony Crisafulli's breach of fiduciary duties by deleting information on Anthony Crisafulli's company iPhone despite express instructions to preserve all information and by refusing to return Anthony Crisafulli's company laptop computer, all in an attempt to deprive Van Horn Metz of

26376481v.3

relevant information necessary to prove Anthony Crisafulli's breach of fiduciary duties and other fraudulent conduct.

WHEREFORE, plaintiff Van Horn Metz requests this Court to enter a judgment in its favor and against defendant Christine Crisafulli in the amount of $4,353,554, plus pre- and post-judgment interest, and costs of suit as permitted by law.  Plaintiff Van Horn Metz also requests this Court to grant such further relief as it deems to be just and necessary.

WHITE AND WILLIAMS LLP


BY:   /s/ Thomas B. Fiddler_____
      Thomas B. Fiddler
      Natalie B. Molz
      One Liberty Place
      1650 Market Street, Suite 1800
      Philadelphia, PA 19103-7395
      Phone: 215.864.7000
      fiddlert@whiteandwilliams.com
      molzn@whiteandwilliams.com

      Attorneys for Plaintiff
      Van Horn, Metz & Co., Inc.


Dated:  January 25, 2021

26376481v.3

## JURY DEMAND

Plaintiff demands a trial by jury for all counts so triable.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I certify that the matter in controversy is not the subject of any other action pending in any court, or any pending arbitration or administrative proceeding.

## CERTIFICATION PURSUANT TO LOCAL RULE OF CIVIL PROCEDURE 201.1(d)(3)

Pursuant to Local Civil Rule 201.1(d)(3), I hereby certify that:

1.      I am counsel of record for plaintiff Van Horn, Metz & Co., Inc. in connection with the foregoing Verified Complaint.

2.      The damages recoverable pursuant to the foregoing Verified Complaint exceed the sum of One Hundred Fifty Thousand Dollars and Zero Cents ($ 150,000.00) exclusive of interest and costs and any claims for punitive damages.

3.      Under penalty of perjury, the foregoing is true and correct.

<div style="margin-left: auto; width: 50%;">

WHITE AND WILLIAMS LLP


BY:   /s/ Thomas B. Fiddler
      Thomas B. Fiddler
      Natalie B. Molz
      One Liberty Place
      1650 Market Street, Suite 1800
      Philadelphia, PA 19103-7395
      Phone: 215.864.7000
      fiddlert@whiteandwilliams.com
      molzn@whiteandwilliams.com

      Attorneys for Plaintiff
      Van Horn, Metz & Co., Inc.

</div>

Dated:  January 25, 2021

26376481v.3

## **VERIFICATION**

I, Barrett Fisher, hereby verify that the facts contained in the foregoing Verified

Complaint are true and correct to the best of my knowledge, information and belief.  I am

authorized to make this Verification on behalf of plaintiff Van Horn, Metz & Co., Inc. by virtue

of my position as President.  I understand that this Verification is made subject to the penalties of

28 U.S.C. § 1746 relating to unsworn falsification to authorities.


Barrett Fisher,
President of Van Horn, Metz & Co., Inc.

26376481v.2

JS 44  (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Van Horn, Metz & Co., Inc.

**(b)** County of Residence of First Listed Plaintiff   Montgomery (PA)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Thomas B. Fiddler / Natalie B. Molz (215-864-7081)
White and Williams LLP, 1650 Market St., Ste. 1800,
Philadelphia. PA 19103

### DEFENDANTS

Christine Crisafulli

County of Residence of First Listed Defendant   Ocean (NJ)
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☒ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(a)(1) Diversity Jurisdiction

Brief description of cause:
Unjust enrichment, conversion, fraudulent transfer, aiding and abetting breach of fiduciary duty

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
$4,353,554

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
January 25, 2021

SIGNATURE OF ATTORNEY OF RECORD
/s/ Thomas B. Fiddler

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____